Erin P. Moriarty (SBN 146751)
**LAW OFFICES OF WENETA M.A. KOSMALA**
P.O. Box 16279
Irvine, CA 92623
Telephone: (714) 540-3600
Facsimile: (714) 708-0666
E-mail: emoriarty@kosmalalaw.com

Attorneys for Chapter 7 Trustee / Plaintiff

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No.: 8:09-bk-10669-ES |
| **PHOENIX LENDING, INC.,** | Adv. No. |
| Debtor(s). | Chapter 7 |
| **WENETA M.A. KOSMALA, Chapter 7 Trustee,** | **COMPLAINT FOR AVOIDANCE OF FRAUDULENT TRANSFER [11 U.S.C. § 548 and/or § 544]; APPLICATION OF *ALTER EGO* DOCTRINE; and CONSPIRACY** |
| Plaintiff, | |
| v. | |
| **RICHARD A. DE MARIA; GREGORY STODGHILL; MICHAEL ROSS; NANCY A. FRITZ; MICHAEL VINCENT RING; DARLENE BISHOP; DE MARIA CAPITAL, LLC; MTTK SERVICES, LLC; MTTK SERVICES, INC.; APEX CAPITAL RESOURCES INCORPORATED; PANORAMA GLOBAL PARTNERS, INC.; IRONGATE CAPITAL MANAGEMENT, LLC; WISDOM FINANCIAL GROUP CORPORATION; ELYSIUM CAPITAL GROUP, LLC; PARADIZE ENTERPRISES, LLC; and MDG INVESTMENTS INCORPORATED,** | |
| Defendants. | |

///

1

The Complaint of Weneta M.A. Kosmala ("Trustee"), Chapter 7 Trustee of the bankruptcy estate of Phoenix Lending, Inc. ("Debtor"), respectfully represents and alleges as follows:

**STATEMENT OF JURISDICTION AND VENUE**

1. This bankruptcy case was commenced by the filing of a Voluntary Petition under Chapter 7 of Title 11, United States Code, on January 29, 2009.

2. This Complaint sets forth claims for relief, jurisdiction over which is based upon 28 U.S.C. § 1334(b), in that this is a civil proceeding arising under and in the above-captioned bankruptcy case.

3. This proceeding is an adversary proceeding, as defined in Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

4. This adversary proceeding arises under Title 11, United States Code, and/or arises out of and/or relates to the Debtor's Chapter 7 case, currently pending on the docket of this Court.

5. This Bankruptcy Court has jurisdiction over this adversary proceeding based upon 28 U.S.C. § 157(a) and (b)(1).

6. This adversary proceeding is a "core proceeding," as defined in 28 U.S.C. § 157(b)(2) and, as such, the Bankruptcy Court may enter final orders with respect to this proceeding.

7. Venue properly lies in this judicial district in that this civil proceeding arises under Title 11 of the United States Code as provided in 28 U.S.C. § 1409.

**PARTIES TO THE ACTION**

8. Trustee is the duly appointed and acting Chapter 7 Trustee of the Debtor's estate.

9. Trustee has standing to bring this action under 11 U.S.C. § 323.

10. The defendants herein are:

    a. Richard A. De Maria ("De Maria"), an individual, believed to be a resident of the State of Illinois.

      b.      Gregory Stodghill ("Stodghill"), an individual, believed to be a resident of the State of Indiana.

      c.      Michael Ross ("Ross"), an individual, believed to be a resident of the State of Washington.

      d.      Nancy A. Fritz ("Fritz"), individually and dba Dynamic Business Development, believed to be a resident of the State of Washington.

      e.      Michael Vincent Ring ("Ring"), an individual, believed to be a resident of the State of Arizona.

      f.      Darlene Bishop ("Bishop"), an individual, believed to be a resident of the State of Texas.

      g.      De Maria Capital, LLC ("De Maria Capital"), an entity of unknown business form and domicile, but believed to be an Illinois limited liability company, of which De Maria is believed to be the principal, which did business with the California Debtor, and/or received transfers of funds of the Debtor.

      h.      MttK Services, LLC ("MttK LLC"), an entity of unknown business form and domicile, but believed to be a Washington limited liability company, of which Ross is believed to be the principal, which did business with the California Debtor, and/or received transfers of funds of the Debtor.

      i.      MttK Services, Inc. ("MttK Inc."), an entity of unknown business form and domicile, but believed to be a Washington corporation, of which Ross is believed to be the principal, which did business with the California Debtor, and/or received transfers of funds of the Debtor.

      j.      Apex Capital Resources Incorporated ("Apex"), an entity of unknown business form and domicile, but believed to be a British Virgin Islands corporation, of which De Maria is the managing director and Stodgill is an agent, which did business with the California Debtor, and received transfers of funds of the Debtor.

      k.      Panorama Global Partners, Inc. ("Panorama"), an entity of unknown business form and domicile, but believed to be a British Virgin Islands corporation, of which

1  Gregory Stodghill is the president and De Maria is/was an officer and/or director, which did
2  business with the California Debtor, and/or received transfers of funds of the Debtor.
3      l.    Irongate Capital Management, LLC ("Irongate"), an entity of unknown
4  business form and domicile, but believed to be a British Virgin Islands corporation, of which De
5  Maria is the principal, which did business with the California Debtor, and/or received transfers of
6  funds of the Debtor.
7      m.    Wisdom Financial Group Corporation ("Wisdom"), an entity of unknown
8  business form and domicile, but believed to be a British Virgin Islands corporation, of which
9  Fritz is the principal, which did business with the California Debtor, and/or received transfers of
10 funds of the Debtor.
11     n.    Elysium Capital Group, LLC ("Elysium"), an entity of unknown business
12 form and domicile, but believed to be a Nevada corporation, of which Ring is the principal,
13 which did business with the California Debtor, and/or received transfers of funds of the Debtor.
14     o.    Paradize Enterprises, LLC ("Paradize"), an entity of unknown business
15 form and domicile, but believed to be a Delaware corporation, of which Bishop is the principal.
16     p.    MDG Investments Incorporated ("MDG"), an entity of unknown business
17 form and domicile, but believed to be a British Virgin Islands corporation, of which Apex, MttK
18 and the Debtor were shareholders and/or officers, and Apex was agent.
19     q.    The defendants herein are referred to collectively as "the Defendants".
20 Where the plural is used, it is intended to refer to each of the defendants individually, as well.
21
22 **GENERAL ALLEGATIONS**
23     11.    Trustee is informed and believes, and thereon alleges, that prior to the
24 commencement of this case, the Debtor was engaged in the business of facilitating financing for
25 project holders (who, in lay terms, would be considered "borrowers"), from whom the Debtor
26 would collect "deposits", which would then be taken into trade to generate profits that would be
27 used to fund loans to the project holders.
28 ///

4

12. Trustee is informed and believes, and thereon alleges, that in the course of attempting to identify investments which would generate profits to fund its loans, the Debtor encountered a number of individuals and entities that preyed upon the Debtor and its borrowers, and existed for the purpose of separating the Debtor from its funds, advising the Debtor simply that the funds had been "lost in trade", with no documentation to show that the funds had traveled any farther than the pockets of "middlemen." As a result, the Debtor "lost" approximately $2,750,000 in the approximately five (5) months prior to the bankruptcy filing, leaving it bankrupt, with its borrowers as creditors of the Estate.

13. This Complaint relates to two such schemes, in which the "players", operating through entities formed domestically and abroad, took a total of $400,000 from the Debtor.

**The MDG Transaction.**

14. On a date which is presently unknown to Trustee, but which is believed to have been in or about October 2008, Apex, MttK LLC and/or Mttk Inc., and the Debtor entered into an agreement pursuant to which the parties intended to establish MDG in the British Virgin Islands for the purpose of acquiring a financial instrument, purportedly valued at $100,000,000, to generate profits for MDG. Although writings exist reflecting terms relating to the venture, Trustee does not have a signed version, and is currently unable to determine whether the agreement was reduced to a fully executed writing. In either case, Trustee is informed and believes that the unsigned writings reflect the terms discussed and agreed upon by the parties. The agreement, whether written or verbal, is referred to hereinafter as "the Subscription Agreement".

15. It is unclear who the shareholders of MDG were. The initial documents forming that entity indicate that they were Apex (50%), MttK LLC or MttK Inc. (25%) and the Debtor (25%). Elsewhere, the shareholders are reflected as Panorama, Mttk LLC and/or MttK Inc. and the Debtor. Later still, the shares of Apex and/or Panorama appear to have been acquired by MttK LLC and/or MttK Inc. and the Debtor, who remained as 50% shareholders.

///

16. Trustee is informed and believes, and thereon alleges, that the officers of MDG were Stodghill (President), Ross and the Debtor's principal, Drew Hernandez (Vice Presidents), and De Maria (Secretary and Treasurer).

17. Trustee is informed and believes, and thereon alleges, that the Debtor transferred the following sums to the Defendants in furtherance of the Subscription Agreement:

    a. On or about October 1, 2008, the Debtor transferred the sum of $25,000 to De Maria Capital.

    b. On or about October 17, 2008, the Debtor transferred the sum of $250,000 to De Maria Capital.

These transactions are referred to hererinafter as "the MGD Transfers."

18. Trustee is informed and believes, and thereon alleges, that De Maria, De Maria Capital, Ross, and/or MttK LLC or MttK Inc. entered into further agreements with Irongate, Wisdom and/or Fritz, pursuant to which some or all of the funds received from the Debtor were transferred to the latter.

19. Trustee is informed and believes, and thereon alleges, that the Debtor was advised that the venture(s) into which the funds had been deposited had failed, and that the funds would be returned to the Debtor.

20. Trustee is informed and believes, and thereon alleges, that none of the transferred amounts were returned, and no documentation was ever provided to the Debtor to substantiate that they had been "placed in trade", much less "lost in trade".

**The MttK Venture.**

21. Trustee is informed and believes, and thereon alleges, that on or about December 1, 2008, the Debtor entered into a Joint Venture Agreement with MttK Inc. pursuant to which the Debtor would contribute $100,000 to the venture, and MttK Inc. would procure (by purchase or lease) a Proof of Funds letter, which would then be "monetized" to generate substantial profits.

22. Trustee is informed and believes, and thereon alleges, that Bishop and/or Paradize were commissioned to procure the Proof of Funds letter.

6

23. Trustee is informed and believes, and thereon alleges, that on or about September 15, 2008, the Debtor transferred the sum of $125,000 to Ross, MttK LLC, MttK Inc., Elysium, Paradize or Bishop, possibly through escrow. This Transfer is referred to hereinafter as "the MttK Transfer".

24. Although writings exist reflecting terms relating to the venture, Trustee does not have a signed version, and is currently unable to determine whether the agreement was reduced to a fully executed writing. In either case, Trustee is informed and believes that the unsigned writings reflect the terms discussed and agreed upon by the parties.

25. Trustee is informed and believes, that thereon alleges, that the MttK Transfer may have been further transferred to other of the Defendants, but that information is not presently in the Trustee's possession.

26. Trustee is informed and believes, and thereon alleges, that as in the MDG Transaction, the Debtor was advised that the MttK Transaction had failed, but no documentation was ever provided to the Debtor to substantiate that they had been "placed in trade", much less "lost in trade".

27. The MDG Transfers and the MttK Transfer are referred to collectively as "the Transfers".

### FIRST CLAIM FOR RELIEF
**(For Avoidance of Fraudulent Transfers Under 11 U.S.C. § 548 Against All Defendants)**

28. Trustee reiterates paragraphs 1 through 27 above, and incorporates said paragraphs herein by this reference.

29. Trustee is informed and believes, and thereon alleges, that the Transfers were made within two (2) years prior to the Debtor's bankruptcy filing.

30. Trustee is informed and believes, and thereon alleges, that both the MGD Transaction and the MttK Transaction appear to have been "scams", in which the Defendants simply appropriated the Debtor's funds, with the intention of advising the Debtor that the "investment" had been "lost".

31. In light of the foregoing, Trustee is informed and believes, and thereon alleges, that:

    a. The Debtor received less than a reasonably equivalent value in exchange for the Transfers in that the transactions were a shams, in which the Defendants knew and intended that the Debtor would never see the return of its deposit, much less a "return on investment"; AND

    b. The Debtor:

        i. Was insolvent on the date that the Transfers was made, or became insolvent as a result of the Transfer; OR

        ii. Was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; OR

        iii. Was intended to incur, or believed that the Debtor would incur, debts that would be beyond his ability to pay as such debts matured. 11 U.S.C. § 548.

32. Thus, Trustee is entitled to avoid the Transfers under 11 U.S.C. § 548(a)(1)(B).

33. To the extent that the Transfers are avoided under 11 U.S.C. § 548, Trustee may recover, for the benefit of the estate, the property transferred, or its value, from the initial transferee, or any immediate or mediate transferee of such initial transferee.

34. Trustee is entitled to preserve the Transfers avoided under 11 U.S.C. § 548 for the benefit of the estate.

## SECOND CLAIM FOR RELIEF

**(For Avoidance of Fraudulent Transfers Under 11 U.S.C. § 544 Against All Defendants)**

35. Trustee reiterates paragraphs 1 through 34 above, and incorporates said paragraphs herein by this reference.

36. Trustee may avoid transfers that are voidable under applicable law by a creditor holding an allowable unsecured claim, under 11 U.S.C. § 544(b). The Debtor's schedules show that it had creditors whose claims existed prior to the Transfers.

1    37.    Trustee is informed and believes, and thereon alleges, that the Transfers were made within four (4) years prior to the Debtor's bankruptcy filing.

2    38.    Trustee is informed and believes, and thereon alleges, that the Debtor:

   a.    Received less than a reasonably equivalent value in exchange for the Transfers in that the entire transaction contemplated by the Agreement was a sham, in which the Defendants knew and intended that the Debtor would never see the return on its deposit, much less a "return on investment"; AND

   b.    The Debtor:

      i.    Was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, OR

      ii.    Intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

39.    Thus, Trustee is entitled to avoid the Transfers under 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(2).

40.    To the extent that the Transfers are avoided under 11 U.S.C. § 544, Trustee may recover, for the benefit of the estate, the property transferred, or its value, from the initial transferee, or any immediate or mediate transferee of such initial transferee.

41.    Trustee is entitled to preserve the Transfers avoided under 11 U.S.C. § 548 for the benefit of the estate.

## THIRD CLAIM FOR RELIEF

**(For Application of *Alter Ego* Doctrine Against All Defendants)**

42.    Trustee reiterates paragraphs 1 through 41 above, and incorporates said paragraphs herein by this reference.

43.    Trustee is informed and believes, and thereon alleges, that the corporate Defendants are affiliated with the individual Defendants, as follows:

   a.    De Maria Capital, LLC:  De Maria as principal.

1         b.        MttK Services, LLC and/or MttK Services, Inc.: Ross as principal.

2         c.        Apex Capital Resources Incorporated: De Maria and Stodghill as principals.

3         d.        Panorama Global Partners, Inc.: De Maria and Stodghill as principals.

4         e.        Irongate Capital Management, Inc.: De Maria as principal.

5         f.        Wisdom Financial Group Corporation: Fritz as principal.

6         g.        Elysium Capital Group, LLC: Ring as principal.

7         h.        Paradize Enterprises, LLC: Bishop as principal.

8         i.        MDG Investments Incorporated: Entities of which De Maria, Stodghill and Ross are principals.

44.   Trustee is informed and believes, and thereon alleges, that some of the legal entities named as Defendant were not properly formed as legal entities under the law of any jurisdiction, and that, notwithstanding a reference to "LLC" or "Inc." after the name, they were not separate entities, but instead were fictitious business names of their principals, as noted above. Further, Trustee is informed and believes, and thereon alleges, that some of the entities may have been suspended or dissolved under applicable state law. Trustee asserts that under these circumstances, the principals should be cast in judgment for any amounts determined to be recoverable from the entities.

45.   Trustee asserts that the *alter ego* doctrine should apply, and that the individuals identified above as principals should be determined to be personally liable for the acts and omissions of their respective entities, on the basis that to the extent that there were separate legal entities, the principals abused the business form, which was a sham for the purpose of committing the acts and omissions complained of herein; there is a unity of interest between the entities and their principals; the Transfers were intended to benefit the individuals; and it would be inequitable to permit the principals to hide behind the protection of a separate business form under the circumstances.

///

46. Trustee asserts that the application of the *alter ego* doctrine should result in the piercing of the corporate veil, so that Trustee may recover directly and individually from the principals any amounts as to which their entities are cast in judgment.

## **FOURTH CLAIM FOR RELIEF**
### **(For Joint Liability of Co-Conspirators Against All Defendants)**

47. Trustee reiterates paragraphs 1 through 46 above, and incorporates said paragraphs herein by this reference.

48. Trustee is informed and believes, and thereon alleges, that the Defendants formed conspiracies to induce the Debtor to enter into the MDG Transaction and/or the MttK Transaction, and to make the Transfers; the transactions were shams, in that there was never any intent or expectation on the part of the Defendants that any of the results projected by the agreements would actually be fulfilled, and that the Debtor would actually receive the benefit anticipated by the agreements; each of the Defendants participated in the development and implementation of the conspiracy; and as a result of the conspiracy, the Debtor was fleeced out the amounts transferred.

49. As a result, Trustee is entitled to recover the full amount of the Transfer from each of the Defendants, jointly and severally, as co-conspirators.

**WHEREFORE** Trustee prays that this Court enter judgment as follows:

A. On the First and Second Claim for Relief, avoiding the Transfers as a fraudulent transfers; determining that the Trustee may recover, for the benefit of the Estate, the property transferred, or its value, from the initial transferee, or any immediate or mediate transferee of such initial transferee; and preserving the avoided Transfers for the benefit of the Estate.

B. On the Third Claim for Relief, applying the *alter ego* doctrine, and piercing the corporate veil, so that Trustee may recover directly and individually from the principals any amounts as to which any of the legal entities are cast in judgment.

C. On the Fourth Claim for Relief, casting each of the Defendants in judgment jointly and severally in favor of the Estate in the amount of the Transfers by virtue of their status as co-conspirators.

D. On all claims for relief, awarding Trustee all costs of suit incurred herein.

E. On all claim for relief, awarding Trustee such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**LAW OFFICES OF WENETA M.A. KOSMALA**
 /s/ Erin P. Moriarty
Erin P. Moriarty
Attorneys for Weneta M.A. Kosmala,
Chapter 7 Trustee and Plaintiff

Dated: January 28, 2011

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Erin P. Moriarty (SBN 146751)<br>LAW OFFICES OF WENETA M.A. KOSMALA<br>P.O. Box 16279<br>Irvine, CA  92623<br>Tel:  (714) 540-3600<br>Fax: (714) 708-0666<br>E-mail: emoriarty@kosmalalaw.com<br><br>Attorney for Plaintiff Trustee/Plaintiff | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

| In re: PHOENIX LENDING, INC., | CHAPTER  7 |
|---|---|
| | CASE NUMBER  8:09-bk-10669-ES |
| Debtor. | ADVERSARY NUMBER |
| WENETA M. A. KOSMALA<br><br>Plaintiff(s),<br><br>vs.<br><br>RICHARD A. DE MARIA; GREGORY STODGHILL; MICHAEL ROSS; NANCY A.FRITZ; MICHAEL VINCENT RING; DARLENE BISHIP; DE MARIA CAPITAL, LLC; MTTK SERVICES, LLC; MTTK SERVICES, INC.; APEX CAPITAL RESOURCES INCORPORATED; PANORAMA GLOBAL PARTNERS, INC.; IRONGATE CAPITAL MANAGEMENT, LLC; WISDOM*<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.
*FINANCIAL GROUP GROUP CORPORATION; ELYSIUM CAPITAL GROUP, LLC; PARADIZE ENTERPRISES, LLC; and MDG INVESTMENTS INCORPORATED,

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** 5A | **Floor:** 5th |
|---|---|---|---|

- ☐ 255 East Temple Street, Los Angeles
- ☒ 411 West Fourth Street, Santa Ana
- ☐ 21041 Burbank Boulevard, Woodland Hills
- ☐ 1415 State Street, Santa Barbara
- ☐ 3420 Twelfth Street, Riverside

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval.  The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL
Clerk of Court**

By: _____
*Deputy Clerk*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)

F 7004-1

FORM B104 (08/07)                                                                                        2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>WENETA M.A. KOSMALA | **DEFENDANTS**<br>See attached sheet |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Erin P. Moriarty, Law Offices of Weneta M.A. Kosmala,<br>P.O. Box 16279, Irvine, CA 92623<br>(714) 540-3600 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT FOR AVOIDANCE OF FRAUDULENT TRANSFER [11 U.S.C. § 548 and/or § 544]; APPLICATION OF ALTER EGO DOCTRINE; and CONSPIRACY

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**
AVOIDANCE OF FRAUDULENT TRANSFERS, APPLICATION OF ALTER EGO DOCTRINE, AND CONSPIRACY

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** ||
|---|---|
| **NAME OF DEBTOR** <br> PHOENIX LENDING, INC., | **BANKRUPTCY CASE NO.** <br> 8:09-bk-10669 |

| **DISTRICT IN WHICH CASE IS PENDING** <br> CENTRAL | **DIVISIONAL OFFICE** <br> SANTA ANA | **NAME OF JUDGE** <br> SMITH |
|---|---|---|

| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br><br> /S/ Erin P. Moriarty ||
|---|---|
| **DATE** <br> 1/28/11 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> ERIN P. MORIARTY |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

**DEFENDANTS:**

  **RICHARD A. DE MARIA; GREGORY STODGHILL; MICHAEL ROSS; NANCY A. FRITZ; MICHAEL VINCENT RING; DARLENE BISHOP; DE MARIA CAPITAL, LLC; MTTK SERVICES, LLC;MTTK SERVICES, INC.; APEX CAPITAL RESOURCES INCORPORATED; PANORAMA GLOBAL PARTNERS, INC.; IRONGATE CAPITAL MANAGEMENT, LLC; WISDOM FINANCIAL GROUP CORPORATION; ELYSIUM CAPITAL GROUP, LLC; PARADIZE ENTERPRISES, LLC; and MDG INVESTMENTS INCORPORATED,**